**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur CARTER, Brian Carter, and**
**Ronald Carter, Defendants–**
**Appellants.**

Nos. 02–3973, 02–3977 and 02–4031.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Rehearing Denied July 14, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

In July 2002 a jury found brothers Arthur, Brian, and Ronald Carter guilty of conspiring to deliver cocaine and cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and also found Brian and Ronald guilty of distributing cocaine, *id.* § 841(a)(1). Arthur was sentenced to life imprisonment, five years of supervised release, and a $100 special assessment. Brian was sentenced to concurrent terms of life and 30 years' imprisonment, concurrent terms of ten and six years of supervised release, and $200 in special assessments. Ronald was sentenced to concurrent terms of 235 months' imprisonment, concurrent terms of five and three years of supervised release, and $200 in special assessments. Counsel for each brother filed a notice of appeal, but because none of the lawyers could discern a nonfrivolous issue for appeal, they have jointly filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Carters were notified of counsel's motion, *see* Cir. R. 51(b), and have filed joint responses. We confine our review to the potential issues identified in counsel's facially adequate *Anders* brief and the Carters' responses. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we conclude those potential issues are frivolous, we grant the motion to withdraw and dismiss the appeals.

■ Counsel first discuss whether sufficient evidence supports the convictions. We review such challenges by construing the evidence and drawing inferences in the government's favor. *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir.2001). At trial 20 witnesses testified that they either purchased drugs from, sold drugs for, or witnessed drug transactions involving the Carters. Given these witnesses, whom the jury was free to credit, *United States v. Griffin*, 310 F.3d 1017, 1022 (7th Cir.2002), ample evidence supports the convictions. Therefore, we agree with counsel that a sufficiency challenge would be frivolous on appeal.

■ Counsel next discuss whether the government suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Counsel contend that the government violated *Brady* by not disclosing prior to trial the criminal histories of five government witnesses, which constituted favorable impeachment evidence. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). But they reason that the perceived violation was harmless–and thus that any appellate challenge would be frivolous–because they learned of the information during trial prior to cross-examination. We agree with counsel that this potential issue would be frivolous, but we disagree with their reasoning. Evidence is "suppressed" for purposes of *Brady* only if its discovery comes too late to make use of it at trial. *Collier v. Davis*, 301 F.3d 843, 850 (7th Cir.2002); *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir.2002); *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir.2001). Because defense counsel learned of the relevant information in time to use it for cross-examination, there was no suppression and thus no *Brady* violation. *See United States v. Reyes*, 270 F.3d 1158, 1166–67 (7th Cir.2001); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir.1982).

■ Related to the *Brady* issue, counsel consider whether the district court erred in quashing subpoenas for records pertaining to the criminal histories of the same five (and three additional) government witnesses. Prior to trial, counsel for Brian

filed a number of subpoenas directing the "keeper of the records" of the McDonough County Sheriff's Office to appear with records concerning the witnesses. Federal Rule of Criminal Procedure 17(c) authorizes subpoenas to produce documents. Rule 17, however, is not intended to function as a broad discovery device, *United States v. Nixon*, 418 U.S. 683, 698–99, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and only materials that are admissible as evidence are subject to subpoena, *United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998). We would review the district court's decision to quash the subpoenas for abuse of discretion. *Nixon*, 418 U.S. at 702; *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir.1993). In this case, the court quashed the subpoenas after concluding that the government already intended to disclose impeachment information consistent with *Brady*. The court also explained that it would review in camera the presentence reports of cooperating witnesses to ensure that the Carters were aware of all impeaching information. As discussed above, counsel were given criminal-history information in time to use it at trial, and the quashed subpoenas sought nothing beyond what was provided. Thus, in these circumstances, an appeal based on the district court's decision to quash the subpoenas would be frivolous. *See Dent*, 149 F.3d at 191.

■ Counsel next contemplate arguing that the Carters were denied their right to a jury pool representing a fair cross-section of the community because of the small number of African Americans in the 100–member venire. To establish a violation, the Carters would need to show that (1) the number of African Americans in the venire was not fair and reasonable in relation to the number of African Americans in the community, and (2) the under-representation was due to systemic exclusion.

*Alanis*, 265 F.3d at 583; *Johnson v. McCaughtry*, 92 F.3d 585, 590 (7th Cir. 1996). In this case, 4% of the venire members were African Americans in relation to 6% of the adult community within the Central District of Illinois. We agree with counsel that such a small disparity cannot serve to establish a violation; we have already held that larger disparities do not satisfy the first requirement. *See McCaughtry*, 92 F.3d at 594; *United States v. McAnderson*, 914 F.2d 934, 941 (7th Cir.1990). Therefore, we agree that this issue would be frivolous on appeal.

Counsel also consider whether the Carters could argue that their sentences on the conspiracy count violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But there is no *Apprendi* problem here, and thus the issue would be frivolous on appeal, because the indictment alleged and the jury found beyond a reasonable doubt that the Carters conspired to distribute five kilograms or more of cocaine and 50 grams or more of crack. *See Alanis*, 265 F.3d at 588–89. Therefore, they each faced a statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

Finally, counsel discuss three factual findings made by the district court at sentencing: the drug quantity attributed to the Carters as relevant conduct, upward adjustments for Arthur as leader or organizer and for Brian as manager, U.S.S.G. § 3B1.1, and upward adjustments for Arthur and Brian for weapon possession, *id.* § 2D1.1(b)(1). We would review these findings for clear error. *United States v. Knox*, 287 F.3d 667, 669–70 (7th Cir.2002); *United States v. Schuh*, 289 F.3d 968, 972 (7th Cir.2002). As counsel notes, the district court based each finding on the testimony of witnesses at sentencing and at trial and the court's assessment of their credibility. First, with respect to drug

quantity, the court relied on testimony from witnesses regarding amounts they bought from or sold for the Carters, and, in calculating the total drug amounts (two kilograms of cocaine and two kilograms of crack) the court reduced the amount of cocaine recommended in the presentence report because he found one witness to be not fully credible. Second, with respect to the aggravating roles of Arthur and Brian, the court relied on testimony from witnesses at trial that Arthur supervised and Brian managed a number of lower-level drug dealers. Third, with respect to weapon possession, the court relied on testimony from witnesses at trial that they observed Arthur and Brian with firearms during drug transactions. Because we defer to the district court's credibility findings, we agree that challenges to these findings would be frivolous. *See Knox*, 287 F.3d at 669–70.

The Carters propose additional issues in their responses. All of these issues, however–that certain witnesses should not be believed because they lied or cooperated with the government, that another witness testified he purchased drugs from an intermediary rather than the defendants, that other witnesses had difficulty telling the defendants apart, and that the government lacked surveillance pictures or recordings of drug transactions–go to the weight of the evidence presented. We do not reweigh evidence on appeal. *Griffin*, 310 F.3d at 1022; *Reyes*, 270 F.3d at 1168. As discussed above, when construed in the government's favor, sufficient evidence supported the convictions. Therefore, these arguments that certain evidence should have been discounted and other evidence credited would be frivolous on appeal.

Accordingly, the motion to withdraw is GRANTED and the appeals are DIS-MISSED. The Carters' motions for new counsel and transcripts are DENIED.